IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Emmanual Dhaker, | ) | CASE NO. 1:25 CV 1766 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Maple Hts., Ohio Police Dept., *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Introduction

*Pro se* Plaintiff Emmanual Dhaker, proceeding without counsel, has filed an *in forma pauperis* complaint in this case against the Maple Heights, Ohio Police Department, the Garfield Heights, Ohio Municipal Court, the Greater Cleveland Regional Transit Authority ("GCRTA"), and the GCRTA Police. (Doc. No. 1.)

Plaintiff is a frequent *pro se* filer in this Court, having filed multiple prior cases, including against the GCRTA and GCRTA Police, that have been already dismissed on grounds of frivolousness or failure to state a plausible claim upon which he may be granted relief. *See, e.g.*, *Dhaker v. Greater Cleveland Regional Transit Authority*, No. 1:24 cv 2030, 2025 WL 474839 (N.D. Ohio Feb. 12, 2025); *Dhaker v. CTS*, Case No. 1:24 cv 742, 2024 WL 3413431 (N.D. Ohio July 15, 2024); *Dhaker v. Greater Cleveland Regional Transit Authority Police*, No. 1: 24 cv 1556, 2024 WL 4869948 (N.D. Ohio Nov. 22, 2024).

As in prior complaints he has filed, Plaintiff's present complaint does not set forth cogent

factual allegations or legal claims. He appears to contend his rights were violated in connection with criminal citations and cases brought against him in Garfield Municipal Court. It appears he seeks only monetary damages.

For the following reasons, his complaint is dismissed.

### Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, to survive dismissal, a complaint must give the defendants fair notice of that the plaintiff's claims against them are, and the grounds upon which the claims rest.

Like his prior complaints, Plaintiff's complaint in this case warrants dismissal pursuant to § 1915(e)(2)(B).

First, Plaintiff does not cogently identify the specific federal civil claim or claims he seeks to assert against each Defendant, or cogent specific facts underlying each such claim. Rule

8 of the Federal Rules of Civil Procedure requires a plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the complaint must give Defendants fair notice of what Plaintiff's legal claims against them are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's complaint fails to do so. His convoluted and unclear allegations fail to meet basic pleading requirements necessary to state a plausible claim in federal court. *See Iqbal*, 556 U.S. at 678; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, even to the extent the Court liberally construes his complaint as alleging rights violations in connection with charges and municipal court proceedings against him, his complaint fails to state a claim over which the Court may exercise jurisdiction. Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), lower federal courts lack jurisdiction to intervene in pending state proceedings involving important state interests unless extraordinary circumstances are present. Federal court abstention under *Younger* is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, whatever the basis is for Plaintiff's federal claims, to the extent municipal court proceedings against him pertaining to the citations of which he complains are still pending, all of the factors warranting *Younger* abstention are present.

To the extent the municipal-court proceedings may have now concluded and Plaintiff

seeks to challenge or overturn any conviction or municipal court judgment, the Court lacks jurisdiction to hear his claims under the *Rooker-Feldman* doctrine, which precludes lower federal courts from exercising jurisdiction over appeals from state-court judgments. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").

And in *Heck v. Humphrey,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 486-87. Therefore, *Heck* also bars Plaintiff's damages claims because he has not alleged or demonstrated that any municipal court conviction (which he contends is unlawful and for which he seeks damages) has been invalidated or called into question in any of the ways articulated in *Heck*.

## Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons his complaint is dismissed pursuant to § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2025